```
               UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

GREAT BARRIER INSULATION CO.,  }
a corporation,                 }
                               }
     Plaintiff,                }     CIVIL ACTION NO.
                               }
     vs.                       }     CV 97-AR-0580-S
                               }
TENNESSEE VALLEY AUTHORITY,    }
                               }
     Defendant.                }

## MEMORANDUM OPINION

The court has before it a motion by defendant, Tennessee Valley Authority ("TVA"), to dismiss or in the alternative for summary judgment in the above-entitled cause. A submission order was entered on March 19, 1997, that required plaintiff to respond to defendant's motion on or before 4:30 p.m. on April 7, 1997. Plaintiff failed to respond. Because defendant's motion is well supported, and because plaintiff has failed to offer any evidence whatsoever to support its complaint, defendant's motion is due to be granted. *See Dunlap v. TransAmerica Occidental Life Ins. Co.*, 858 F.2d 629 (11th Cir. 1988).

In the instant action, TVA asserts that because plaintiff failed to exhaust its administrative remedies, this court lacks subject matter jurisdiction over plaintiff's complaint for breach of contract in the amount of $35,409.11, plus interest, pursuant

1



to 31 U.S.C. §§ 3901 *et. seq.*, the Prompt Payment Act ("PPA"). In addition, TVA asserts that plaintiff's action is due to be dismissed because it is barred by the applicable statute of limitations. Because it is clear that this court does not have subject matter jurisdiction over the above-entitled action, plaintiff's cause of action is due to be dismissed.

Plaintiff alleges that TVA owes it $39,409.11, plus interest, because TVA's payment to plaintiff on January 28, 1991, was late. There is no dispute over the amount of the contract. (Decl. Darrell L. Parks at ¶ 4). Instead, the dispute centers on a delay in paying of the amount owed under a contract between plaintiff and TVA.

Plaintiff brings its suit pursuant to the PPA, which was enacted to provide an incentive to the government to pay its bills on time. *See CPT Corp. v. U.S.*, 25 Cl. Ct. 451, 456 (Cl. Ct. 1992)(citations omitted). In order to bring a claim under the PPA, plaintiff must comply with the jurisdictional prerequisites contained within the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601, *et seq.* (1997). *See id.* The CDA provides a mechanism for adjudicating all claims by a contractor relating to a government contract. *See id.*

The CDA requires that "[a]ll claims by a contractor against the government relating to a contract shall be in writing and

2

shall be submitted to the contracting officer for a decision." 41 U.S.C. § 606(a)(1997). Plaintiff has failed to submit any evidence indicating that it submitted a claim in writing to the contracting officer and that the contracting officer rendered a final decision. In addition, TVA submitted evidence to the court demonstrating that plaintiff failed to request a contracting officer's decision and that the contracting officer did not render a final decision. (Decl. Darrell L. Parks at ¶ 8). Consequently, because plaintiff failed to exhaust its administrative remedies, this court lacks subject matter jurisdiction to consider plaintiff's complaint. *See B.D. Click Co., Inc. v. U.S.*, 1 Cl. Ct. 239, 241 (Cl. Ct. 1982). Accordingly, plaintiff's cause of action is due to be dismissed.

In the event that this court had subject matter jurisdiction, it is clear that plaintiff's action is barred by the applicable statute of limitations. The CDA provides that "[e]ach claim by a contractor against the government relating to a contract . . . shall be submitted within 6 years after the accrual of the claim." 41 U.S.C. § 605(a)(1997).

Plaintiff's claim accrued, if at all, on or before January 28, 1991. Accordingly, plaintiff had until January 28, 1997, to submit a claim to the contracting officer for a decision. *See id*. While plaintiff filed the instant lawsuit on January 24,

3

1997, it did not and has not submitted a claim to the contracting officer for a decision. (Decl. Darrell L. Parks at ¶ 8). Consequently, plaintiff's claim would be barred by the 6 year statute of limitations.

DONE this __14th__ day of April, 1997.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT